the subject of *Universal Builders Supply Co., Inc.* v. *United States* (48 Cust. Ct. 99, C.D. 2319), the claim of the plaintiff was sustained.

**No. 67452.**—Rex-Spanall, Inc. *v.* United States, protests 62/8283, etc. (Galveston).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of form supports similar in all material respects to those the subject of *Universal Builders Supply Co., Inc.* v. *United States* (48 Cust. Ct. 99, C.D. 2319), the claim of the plaintiff was sustained.

**No. 67453.**—F. B. Vandegrift & Co., Inc. *v.* United States, protests 62/8013, etc. (Philadelphia).

Opinion by FORD, J. In accordance with oral stipulation of counsel that certain items of the merchandise consist of mechanical apparatus and parts thereof, in chief value of metal, the claim of the plaintiff was sustained.

**No. 67454.**—Sniafibres Corp. *v.* United States, protests 61/3359, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise, consisting of certain 15-denier nylon monofilament yarn having a slight turn twist, is properly classifiable as filaments of rayon or other synthetic textile, single, weighing less than 150 deniers per length of 450 meters, the claim of the plaintiff was sustained.

**No. 67455.**—Sniafibres Corp. *v.* United States, protests 61/8136, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise, consisting of certain 15-denier nylon monofilament yarn having a slight turn twist, is properly classifiable as filaments of rayon or other synthetic textile, single, weighing less than 150 deniers per length of 450 meters, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 20, 1963

No. 67456.—Matrad Corporation v. United States, protest 58/11248 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the correct net weight of the merchandise for duty purposes is 15,604,865 pounds, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, FEBRUARY 25, 1963

No. 67457.—Cragstan Corporation v. United States, protest 61/11193(B) (Los Angeles).

OLIVER, Chief Judge: This protest relates to a certain item of toys, described on the invoice as "BABY in WALKER," which was classified under the provision for toys, not specially provided for, "having a spring mechanism (except figures or images of animate objects, wholly or in chief value of metal)," in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 54108, with a dutiable rate of 44 per centum ad valorem. Plaintiff claims that the article in question is properly classifiable under the provision in said modified paragraph 1513, supplemented by T.D. 54398, for toys, not specially provided for, that are "Figures or images of animate objects wholly or in chief value of metal and not specified above in this item," carrying a dutiable assessment of only 30 per centum ad valorem.

In a written stipulation of submission, the parties agreed that the article involved herein "consists of a toy valued at over 21¢ per pound, in chief value of metal, having a spring mechanism, and having moving members or parts, represented by the attached sample, which sample, with the approval of the court, may be received into evidence as Exhibit #1."

For a complete and an accurate description of the toy in question (plaintiff's exhibit 1), we draw from defendant's brief, which reads as follows:

The representative sample, marked as Exhibit 1 for plaintiff, consists of a doll approximately 10 inches in height, which stands upright by means of a walker, which balances the doll in its operation as a toy. The doll has a rubberized head, arms and legs which are movable, and a metal body which houses a spring mechanism, attached to which on the left side is a key for tightening the